UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

BENJAMIN ALEXANDER STATHATOS,

        Plaintiff,

        -against-                        **MEMORANDUM AND ORDER**

                                              18-CV-03332(KAM)(RER)

WILLIAM GOTTLIEB MANAGEMENT, and LAUREN
LIEBHAUSER,

        Defendants.

---------------------------------------X

**MATSUMOTO, United States District Judge**:

    *Pro se* plaintiff Benjamin Alexander Stathatos ("plaintiff" or "Stathatos") commenced this action on June 6, 2018, against defendants William Gottlieb Management ("WGM") and Senior Investigator Lauren Liebhauser of the New York County Special Victims' Bureau, pursuant to: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*,[1] alleging employment discrimination on the basis of his religion; alleging conspiracy pursuant to 42 U.S.C. § 1983; and alleging defamation, criminal witness tampering, witness intimidation, perjury, and harassment pursuant to N.Y.S. Penal Law §§§ 215.15,

---

[1] Plaintiff asserted supplemental state law claims under the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296, and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York §§ 8- 107.1(a) *et seq*.

1

215.10(a), 240.26(1). (*See* ECF No. 1, Complaint ("Compl.").)[2] Presently before the court are defendants' motions to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No.42-4 – 42-5, Memoranda of Law in Support of Defendant William Gottlieb's Motion to Dismiss dated 3/05/2020; ECF No. 43, Defendant Lauren Liebhauser's Motion to Dismiss dated 3/05/2019; ECF Nos. 25-39, Plaintiff Benjamin Alexander Stathatos' Opposition to Defendants' Motion to Dismiss dated 2/14/2019.) For the reasons described below, the court grants both defendants' motions.

**PROCEDURAL HISTORY**

The instant lawsuit was filed *pro se* on June 6, 2018. *See, generally,* Compl. at ECF No. 1. In this suit, plaintiff alleges multiple claims against two defendants: the company where he was last employed, William Gottlieb Management ("WGM"), and a senior investigator with the Special Victim's Bureau of the New York County District Attorney's Office, Lauren Liebhauser ("Liebhauser") (collectively, "defendants"). *Id*. Against WGM, plaintiff alleges employment discrimination based on his

---

[2] Defendant Liebhauser refers to ECF No. 1 as the "Amended Complaint." The court will refer to this filing as the "complaint."

religion under Title VII of the Civil Rights Act of 1964 ("Title VII")[3]; defamation, harassment, intimidation, witness tampering and evidence tampering. *Id*. Against defendant Liebhauser, plaintiff alleges violations pursuant to 42 U.S.C. § 1983 including wrongful termination, retaliation, intimidation, defamation of character, witness tampering, perjury, and evidence tampering. *Id*. As decided at the pre-motion conference on November 19, 2018, all parties entered their motions and replies onto the docket on the same day for orderly processing. On March 5, 2019, defendants filed their motions to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). ECF 42-43, Defendants' Mot. to Dismiss. Plaintiff next filed his 20-page opposition on March 5th, restating many of the same arguments in his initial complaint and appending over 4,000 pages of website code and images from the website "Metal Slug Wiki." *See* ECF 25, Pl.'s Opp. to Mot. To Dis., ECF 26 – 39, Pl.'s Ex.'s 1-7. Defendants filed their replies thereafter.

---

[3] And pendent state law claims pursuant to the New York State and New York City Human Rights Laws.

**BACKGROUND**

The following facts, taken from the plaintiff's complaint, are assumed to be true for the purpose of defendants' motions to dismiss. In July 2012 plaintiff began working as an administrative assistant in the accounts receivable department of William Gottlieb Management. As early as October 22, 2013, plaintiff claims he received a warning that related to his inappropriate use of his work computer, including viewing pornography. Compl. at 9. In early 2014[4], plaintiff commenced a year of dressing in all white to conform to a religious practice for new converts to the Santeria religion. On July 25, 2014, plaintiff was written up and suspended without pay for viewing inappropriate and pornographic material on his work computer while on the job. On August 8, 2014, plaintiff was terminated from WGM. Shortly thereafter, on September 12, 2014, plaintiff received a letter from the New York State Department of Labor informing him that his unemployment benefits were being discontinued. Plaintiff requested a hearing before the Department of Labor to appeal the termination of his benefits. During proceedings before an administrative law judge on October

---

[4] Plaintiff is unclear on the timing of his cilibato, or vow to dress in white for over a year, alternatively stating that he began the practice of wearing all white in the beginning of 2014, but alleging in his consolidated reply to the motions to dismiss that he began the cilibato in November 2014. ECF No. 25 at 1. The court shall assume the facts alleged in the complaint to be true for the purposes of deciding the motions to dismiss. Compl. at 5.

16, 2014 and March 11, 2015, plaintiff claims that he learned that he was fired from WGM for viewing inappropriate material on his work computer. At these administrative proceedings, two of plaintiff's former colleagues testified that he used his work computer to view pornographic images on a regular basis. Plaintiff was denied a resumption of benefits by the administrative law judge and lost his August 13, 2015 appeal to the Unemployment Insurance Appeal Board ("UIAB"). Plaintiff appealed further to the New York State Supreme Court, which affirmed the decision of the UIAB. *In re Stathatos*, 144 A.D.3d 1299, 1299, (N.Y. App. Div. 2016). Plaintiff's final appeal to the New York State Court of Appeals was denied. *In re Stathatos*, No. # 522533, 2017 WL 536934 (N.Y. App. Div. Feb. 9, 2017). Importantly, plaintiff never filed a claim with the Equal Employment Opportunity Commission (EEOC). Compl. at 6 ("...the deadline to file with the EEOC has passed.").

**LEGAL STANDARD**

**I. Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)**

"To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts that if accepted as

5

true 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A well-pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 252 (E.D.N.Y. 2016) (citing *Twombly*, 550 U.S. at 555). A complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Where, as here, the plaintiff is proceeding *pro se*, the court must construe the plaintiff's pleadings liberally. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F. 3d 197, 200 (2d Cir. 2004). Although liberally interpreted, the *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

**DISCUSSION**

A liberal reading of *pro se* plaintiff's complaint appears to allege four claims, all deficient, against defendants. All are either time barred or legally or factually insufficient,

6

even when drawing all inferences in plaintiff's favor as required. The first claim is for religious discrimination by defendant WGM. The second claim is for conspiracy against defendant Liebhauser. The third set of claims are for various state criminal law violations allegedly committed by both defendants. Finally, plaintiff also brings a claim of defamation against WGM. Each claim shall be analyzed in turn.

**First**, Stathatos commenced the instant employment discrimination action on the basis of religion pursuant to Title VII, on June 6, 2018. Plaintiff is correct that, generally, Title VII prohibits employers from discriminating against employees on the basis of religion, *see* 42 U.S.C. § 2000e-2(a)(1) ("[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ."). However, as defendant WGM correctly contends, plaintiff initiated this action "1,183 days after the last purportedly discriminatory act," Def. Mot. To Dis. at 2, and consequently this claim is untimely. Nor did plaintiff file an administrative claim with the EEOC as required by Title VII. Plaintiff's timely exhaustion of administrative remedies is "an essential element of Title VII's statutory regime." *Butts v.*

*City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds as stated in *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998). To be timely, administrative charge of discrimination must be brought within three hundred days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a); *see also Baroor v. N.Y.C. Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) ("For a Title VII claim arising in New York to be timely, a plaintiff must file the charge with the Equal Employment Opportunity Commission ('EEOC') within 300 days of the allegedly unlawful employment practice."). Though this court retains subject matter jurisdiction in this case despite plaintiff's failure to exhaust administrative remedies by filing a charge with the EEOC, the court finds an insufficient factual or inferential basis on which to find that plaintiff has stated a claim for any form of relief under Title VII or other anti-discrimination laws. S*ee, generally, Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1850 (2019). Plaintiff failed to exhaust his administrative remedies and file with the EEOC as the statute demands. Despite filing *pro se*, plaintiff has a demonstrated ability to navigate the judicial and administrative process. Plaintiff filed his claim for unemployment benefits[5]

---

[5] Though plaintiff does not request this specific relief, his unemployment benefits remain at issue here, as the facts alleged in the benefits hearings before the New York State Department of Labor administrative law judge and

8

through the proper administrative channels, the New York State Department of Labor and the Unemployment Insurance Appeals Board ("UIAB"), and appealed up through the New York State Court of Appeals. Plaintiff's claim for unemployment benefits demonstrates plaintiff's ability to appropriately exhaust administrative remedies. That is not the case with plaintiff's claim for religious discrimination. Here, plaintiff did not file with the EEOC within the three-hundred-day window. As plaintiff's time to do so has long since passed, the religious discrimination claim against WGM is dismissed with prejudice on timeliness grounds alone. Even if plaintiff had exhausted his administrative remedies, his religious discrimination claim is factually deficient as explained below.

"In an employment discrimination case, the plaintiff is not required to set forth specific facts that establish each and every element of a prima facie case of discrimination"; rather, the plaintiff need only plead sufficient facts "to state a plausible claim that also gives fair notice to the defendant of the basis for each claim." *Bakeer v. Nippon Cargo Airlines, Co.*, No. 09-CV-3374, 2011 WL 3625103, at *22 (E.D.N.Y. July 25, 2011), adopted by 2011 WL 3625083 (E.D.N.Y. Aug. 12, 2011); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)

---

appeal to the Unemployment Insurance Appeal Board constitute the majority of the plaintiff's complaint and his opposition to defendants' motions to dismiss. *See, generally,* Compl. and Pl. Opp. to Mot. to Dis. at ECF 25.

(noting that the "Federal Rules do not contain a heightened pleading standard for employment discrimination suits").

Here, plaintiff fails to proffer any facts that address any claims of religious discrimination in his complaint. He discusses his religion in two conclusory statements. The first time the plaintiff discusses his religion, he states that he "began a cilibato which is the wearing of white for one year and seven days as per the tenants of Santeria [sic]." ECF No. 25 at 1. The second time plaintiff mentions his religion is at the end of his complaint, to say: "[m]y life has been irrevocably altered by practicing Santeria and expression devotion to my saints. Exercising my first amendment right continues to cost me things that I can hardly quantify...". Compl. at 3. The remainder of plaintiff's complaint involves descriptions of the administrative proceeding before the New York State Department of Labor, where his colleagues testified that he viewed pornography on his work computer. There is nothing in the complaint or reply linking the allegations of pornography watching to any form of religious or other discrimination. As plaintiff himself writes: "[o]n July 25th, 2013 I was written up and suspended without pay for allegedly viewing pornography on my work station." *Id*. Drawing all reasonable inferences, it appears that plaintiff attempts to allege that he was falsely charged with viewing pornography on his work computer, "as a

grounds for my termination." Both the complaint and Stathatos' opposition to defendants' motions to dismiss, plaintiff fails to allege any facts from which to infer that his religious practice of Santeria motivated his employer to charge him falsely.

Though this court is "obligated to construe *pro se* complaints liberally," *Harris v. Mills*, 572 F.3d 72 (2nd Cir. 2009), "the *Twombly-Iqbal* standard applies equally to pro se litigants." *Ohuche v. Merck & Co.*, 2071 U.S. Dist. LEXIS 73904 at *4 (S.D.N.Y. July 7, 2011). Further, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible." *In re Elevator Antitrust Litig.*, 502 F.3d 41, 50 (2d Cir, 2007). In the instant case, plaintiff provides no facts connecting the company's allegations that he watched pornography (a form of misconduct upheld by the New York State Department of Labor and courts as the reason for the cancellation of plaintiff's unemployment benefits) for which he was first written up on July 25, 2014 and subsequently dismissed, and his alleged termination based on his religious practice of cilibato or "wearing white." Compl. at 1. He makes no claims of religious discrimination between the period when plaintiff began his cilibato, early 2014, to the time of his

first write-up in July of that year.  He alleges no viable complaint of religious discrimination.[6]

**Second**, this factual deficiency extends to plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1983, against defendant Liebhauser.  "To state a claim for § 1983 conspiracy, a plaintiff must allege '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.' A complaint that contains 'only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights,' or 'diffuse and expansive allegations,' is properly dismissed; to be viable, a complaint must allege 'specific instances of misconduct.' *Id.* at 325.  Further, 'a plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights.'" *Knopf v. Esposito*, No. 17-4151, 2020 WL 890731, at *2 (2d Cir. Feb. 25, 2020) (citing *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002), *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

---

[6] Also fatal to plaintiff's claim is that it would appear that WGM's complaints regarding plaintiff watching pornography on his work computer began in October 2013, preceding the religious practice on which his claim is based by at least two months.  *See* Compl. at 9.

12

Stathatos claims that in "early September of 2016, Special Investigator of the Special Victims Bureau Detective Lauren Liebhauser left her business card at my door, with her cell phone number and a request to call her." Compl. at 14. He continues, "[s]he stated that my computer was in evidence, and contained images of child pornography." *Id*. The complaint does not claim that Stathatos spoke with Liebhauser, nor does it support making such an inference. Liebhauser's business card was left at plaintiff's door with a note asking plaintiff to call her, indicating that they did not speak when the business card was left. Even drawing all inferences in plaintiff's favor, as required, the allegations, without more, are not sufficient to support any conspiracy claim against Liebhauser. The facts as alleged, and any reasonable inferences drawn therefrom, cannot support any agreement between Liebhauser and WGM, and certainly no agreement to act in concert to violate plaintiff's constitutional rights, and Liebhauser's leaving her business card at plaintiff's door does not rise to an overt act causing damages. Plaintiff's allegations fail each prong of his conspiracy claim, and as such the claim is dismissed with prejudice.

**Third**, plaintiff's allegations of perjury, witness intimidation, witness or evidence tampering, and harassment are criminal charges without a private right of action. NYS Penal

13

Law § § § 215.10(a), 215.15, 240.26(1). As plaintiff lacks standing to bring these claims, they are dismissed with prejudice against both parties.

**Finally**, plaintiff also makes a claim of defamation against defendant WGM. "Under New York law, the statute of limitations for a defamation claim is one year." *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009)(citing N.Y. C.P.L.R. § 215(3).) As defendant WGM correctly asserts, "the purportedly defamatory statements were made on October 16, 2014 and March 11, 2015," over three years before the June 6, 2018 filing date in the instant case. Because plaintiff did not submit his claim within the one-year filing deadline, plaintiff's defamation claim is time barred and dismissed with prejudice.

For the reasons stated above, and as a result of the court's inability to "nudge plaintiff's complaint across the finish line from conceivable to plausible," *see supra* 502 F.3d 41 at 50, and find a way to cure plaintiff's myriad factual deficiencies plaintiff's claims against both defendants are dismissed with prejudice, and defendants' motions to dismiss are granted.[7]

---

[7] As the court has dismissed all of plaintiff's Title VII claims, the court declines to exercise supplemental jurisdiction over plaintiff's associated state law claims under NYSHRL and NYCHRL, which are dismissed without prejudice. N.Y. Exec. Law § 296 (McKinney); Administrative Code of the City of New York §§ 8- 107.1(a) *et seq*.

**CONCLUSION**

For the foregoing reasons, the court **grants** the defendants' motions to dismiss. *See* Fn. 7. The case is hereby dismissed in its entirety. The Clerk of Court is respectfully requested to enter judgment in defendants' favor, serve plaintiff with a copy of the memorandum and order and judgment, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   April 6, 2020
         Brooklyn, New York

                                    /s/
                              _____
                              **HON. KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York